## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOLLY KESTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-05495-PBT |
| | ) | |
| v. | ) | |
| | ) | |
| ZIMMER HOLDINGS, INC, | ) | |
| I-FLOW CORPORATION, | ) | |
| HOSPIRA, INC., | ) | |
| APP PHARMACEUTICALS, LLC, | ) | |
| APP PHARMACEUTICALS, INC., | ) | |
| ABRAXIS BIOSCIENCE, LLC, and | ) | |
| ABRAXIS BIOSCIENCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF PENNSYLVANIA

This Court, having received Defendant Zimmer Holdings, Inc.'s MOTION TO

TRANSFER VENUE TO THE WESTERN DISTRICT OF PENNSYLVANIA, and

being duly and fully advised in the premises,

**IT IS HEREBY ORDERED** that the Motion to Transfer Venue to the Western

District of Pennsylvania is **GRANTED** and this case is transferred to the Clerk of Court

for the Western District of Pennsylvania for assignment.

IT IS SO ORDERED.


DATED: _____          _____
                                        Hon. Petrese B. Tucker
                                        United States District Judge

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOLLY KESTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-05495-PBT |
| | ) | |
| v. | ) | |
| | ) | |
| ZIMMER HOLDINGS, INC, | ) | |
| I-FLOW CORPORATION, | ) | |
| HOSPIRA, INC., | ) | |
| APP PHARMACEUTICALS, LLC, | ) | |
| APP PHARMACEUTICALS, INC., | ) | |
| ABRAXIS BIOSCIENCE, LLC, and | ) | |
| ABRAXIS BIOSCIENCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ZIMMER HOLDINGS, INC.'S**
**MOTION TO TRANSFER VENUE**
**TO THE WESTERN DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. § 1404(a), defendant Zimmer Holdings, Inc. respectfully

moves the Court for an Order transferring this case to the Western District of

Pennsylvania.

Pursuant to Local Rule 7.1, accompanying this Motion is a Memorandum of Law

in Support of Defendant Zimmer Holdings, Inc.'s Motion to Transfer Venue and a

proposed Order.

1

Respectfully submitted,

Dated: February 8, 2010          /s/ Rebecca J. Hillyer
                                 John P. Lavelle, Jr.
                                 Rebecca J. Hillyer
                                 MORGAN, LEWIS & BOCKIUS LLP
                                 1701 Market Street
                                 Philadelphia PA 19103-2921
                                 Phone: 215.963.5000
                                 Fax: 215.963.5001
                                 jlavelle@morganlewis.com
                                 rhillyer@morganlewis.com

                                 *Attorneys for Defendant Zimmer Holdings, Inc.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MOLLY KESTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-05495-PBT |
| | ) | |
| v. | ) | |
| | ) | |
| ZIMMER HOLDINGS, INC, | ) | |
| I-FLOW CORPORATION, | ) | |
| HOSPIRA, INC., | ) | |
| APP PHARMACEUTICALS, LLC, | ) | |
| APP PHARMACEUTICALS, INC., | ) | |
| ABRAXIS BIOSCIENCE, LLC, and | ) | |
| ABRAXIS BIOSCIENCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ZIMMER HOLDINGS, INC.'S
MOTION TO TRANSFER VENUE TO THE
WESTERN DISTRICT OF PENNSYLVANIA**

On November 18, 2009, plaintiff brought this lawsuit naming as defendants

Zimmer Holdings, Inc. ("Zimmer") and six other companies, alleging that she suffered

injury and damages caused by a pain pump and intravenous pain medication she received

following shoulder surgery.  As is evident from her complaint, plaintiff filed her case in

this district based on her erroneous belief that she lived in this district and that her

surgery took place in this district.  Neither is true.  Venue would be proper and

appropriate in the district described by plaintiff, which is not this district, but instead is

the Western District of Pennsylvania.  Consequently, in the interest of justice and

convenience to the parties, the Court should transfer this case to that district pursuant to

28 U.S.C. § 1404.

1

In addition to the present motion, two other matters are pending before the Court: (1) the motions to stay these proceedings pending a decision from the Judicial Panel on Multidistrict Litigation on the creation of an MDL that would include this and similar pain pump cases, and (2) the motions to dismiss.  Each of these issues should be resolved by a court in the proper venue.  For that reason, this Motion to Transfer is a preliminary matter and should be resolved prior to the other pending issues.  Once this case is properly before a court in the Western District of Pennsylvania, that court may proceed to consider the other pending procedural issues.

## FACTUAL BACKGROUND

Plaintiff's complaint arises from a shoulder surgery she underwent in 2007. (Complaint ¶ 2).  Plaintiff alleges that the pain pump that was implanted into her shoulder postoperatively and the medication administered through that pump caused her to suffer injury.  (*Id.* ¶¶ 2-3).  Based on these allegations, plaintiff brought this action against the alleged manufacturers of the pain pump, as well as manufacturers of the medications administered, alleging various causes of action against each.  In her complaint, plaintiff asserts that venue is proper in this district under 28 U.S.C. § 1391,

> because a substantial part of the events giving rise to this claim occurred
> in the district because Plaintiff MOLLY KESTER suffered damages in
> this district and because Plaintiff MOLLY KESTER, has, at all times
> material and relevant, resided in this district.

(*Id.* ¶ 18).  In another paragraph, plaintiff states that her surgery occurred at the Indiana Regional Medical Center in Indiana, Pennsylvania.  (*Id.* ¶ 2).  Indiana, Pennsylvania is in the Western District of Pennsylvania.  (*See* http://www.uscourts.gov/courtlinks/).  Additionally, plaintiff states that she resides in Mahaffey, Pennsylvania.  Mahaffey, Pennsylvania is also in the Western District of Pennsylvania.  (*See id.*)  Plaintiff's basis

for jurisdiction, as asserted in her complaint, is therefore incorrect.  Rather, plaintiff's

assertions lead to the conclusion that the proper venue for this case is the Western

District, rather than this Court.

## ARGUMENT

Under 28 U.S.C. § 1404(a), a court may transfer a case "to any other district or

division where it might have been brought," if the court finds that such a transfer is "for

the convenience of the parties and witnesses" and "in the interest of justice."  The court is

vested with great discretion in considering a motion to transfer.  *See, e.g., Barbera v.

Lowe's Home Ctrs., Inc.*, No. 09-1617, 2009 WL 1362608, *1 (E.D. Pa. May 15, 2009).

First, this case could have properly been filed in the Western District of

Pennsylvania.  As plaintiff alleges, she lives in the Western District and all of the events

giving rise to her claim occurred in the Western District.  Additionally, each of the

defendants resides in the Western District, as that term is defined in 28 U.S.C. § 1391(c).

Once it is determined that venue is proper in the transferee district, a court should

evaluate the interest of justice and convenience of the parties and witnesses served by the

transfer, including the private interest and public interest factors enumerated by the Third

Circuit.  *See, e.g., Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

### A.  The Private Interest Factors Weigh in Favor of Transferring this Case to the Western District of Pennsylvania.

The Third Circuit has set forth several private interest factors the Court should

consider in resolving a motion to transfer pursuant to 28 U.S.C. § 1404, including: (1) the

plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims

arose; (4) the convenience of the parties, as indicated by their relative physical and

financial condition; (5) the convenience of the witnesses, but only to the extent that the

witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records, similarly limited to the extent that files could not be produced in the alternative forum. *Jumara*, 55 F.3d at 879. Overall, these factors weigh strongly in favor of transferring this case to the Western District of Pennsylvania.

Generally, a plaintiff's choice of forum is entitled to some weight in the court's consideration. *See, e.g.*, *Barbera*, 2009 WL 1362608, at *2. When, as in this case, that choice is not linked to any operative facts of the action, that choice is entitled to much less deference. *See, e.g.*, *id; Matt v. Baxter Healthcare Corp.,* 74 F. Supp. 2d 467, 470 (E.D. Pa. 1999) ("A locale that is not the home of the plaintiff and where few of the operative facts occurred is entitled to less weight."); *see also Tranor v. Brown,* 913 F. Supp. 388, 391 (E.D. Pa. 1996) ("Here, since plaintiffs, non-district residents, have no connection with this district, their choice of forum is not entitled to great weight."). Although plaintiff alleges a connection to the Eastern District – namely, her surgery and her residence – her statement is in error. At the time of the events giving rise to her claims and at she filed her complaint, plaintiff resided in the Western District of Pennsylvania. Moreover, the events that form the basis of the complaint, both the surgery and her alleged subsequent injuries, occurred entirely in the Western District. The doctors who performed plaintiff's shoulder surgery, who implanted the pain pump, who administered the medication, and who attended to her follow-up care are all located in the Western District, as are the plaintiff, any witnesses to her alleged pain and suffering, and all of her medical records. Each of these facts weighs in favor of transferring this case to the Western District in the interest of justice. *See Barbera*, 2009 WL 1362608, at *2.

This case is similar to the situation considered by the Court in *Barbera*. In that case, plaintiff filed her complaint in the Eastern District of Pennsylvania, although she resided in and all of the events giving rise to the cause of action occurred in the Middle District of Pennsylvania. *Id.* at *1-2. In light of these facts, the Court ordered the case transferred to the Middle District finding that "[p]ractical considerations coupled with the local interests in deciding local controversies at home and the private factors previously evaluated" – including plaintiff's residence, location of the events described and availability of and subpoena power over witnesses – led it to conclude that the transfer was "in the interest of justice." *Id.* at *3.

Under the similar facts of this case, transfer to the Western District would also be in the interest of justice. This transfer will make the trial of this case easier, more expeditious and less expensive for the parties and the witnesses. Because many of the witnesses are located in the Western District, the cost of attending trial for willing witnesses, as well as the availability of compulsory process against unwilling witnesses, favors transfer. Indeed, the plaintiff's treating doctors may well be outside of the subpoena powers of this Court. *See* Fed. R. Civ. P. 45(b)(2) (a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production or inspection).

Plaintiff chose her forum for this case based on her erroneous beliefs about the boundaries of this district. However, as the Court found under similar circumstances in *Barbera*, the facts of the case and the private interest factors described above weigh in favor of transfer to the Western District in the interest of justice.

**B.  The Public Interest Factors Weigh in Favor of Transferring this Case to the Western District of Pennsylvania.**

In addition to these private interest factors, in resolving this Motion, the Court may also consider several public interest factors, including:  (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative court congestion of the two fora; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the judge's familiarity with the applicable state law.  *Jumara*, 55 F.3d at 879.  While many of these factors are neutral in this case, the availability of witnesses and evidence in the Western District of Pennsylvania will result in an easier, more expeditions and less expensive trial for all of the reasons described above.  Additionally, the citizens of the Western District of Pennsylvania have more of an interest in this litigation than the citizens of the Eastern District, given the fact that plaintiff resides in that district and the entire cause of action arose there.  *See Barbera*, 2009 WL 1362608, at *3 (holding that the greater interest of the citizens of the Middle District of Pennsylvania in the litigation weighed in favor of transfer).  For these reasons, the public interests factors also weigh in favor of transfer.  *Id.*

**CONCLUSION**

For the reasons set forth above, Zimmer respectfully requests that the Court exercise its discretion pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Western District of Pennsylvania and for any other relief as the Court deems appropriate.

Respectfully submitted,

Dated: February 8, 2010       /s/ Rebecca J. Hillyer
                                John P. Lavelle, Jr.
                                Rebecca J. Hillyer
                                MORGAN, LEWIS & BOCKIUS LLP
                                1701 Market Street
                                Philadelphia PA 19103-2921
                                Phone: 215.963.5000
                                Fax: 215.963.5001
                                jlavelle@morganlewis.com
                                rhillyer@morganlewis.com

*Attorneys for Defendant Zimmer Holdings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2010, a true and correct copy of the foregoing document was served on all counsel of record via electronic filing.


<u>/s/ Rebecca J. Hillyer</u>
Rebecca J. Hillyer