IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOLLY KESTER,<br>    Plaintiff,<br><br>    vs.<br><br>ZIMMER HOLDINGS, INC.,<br>    Defendants. | )<br>)<br>)  2:10-cv-00523<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Document No. 89) with brief in support (Document No. 90) filed by the sole remaining Defendant, Zimmer Holdings, Inc. ("Zimmer"). Plaintiff, Molly Kester ("Kester" or "Plaintiff"), has filed a response to the motion (Doc. No. 93). Accordingly, the issues have been fully briefed and the matter is ripe for disposition.

### PROCEDURAL HISTORY

On November 18, 2009, Plaintiff filed a Complaint against APP Pharmaceuticals, LLC, APP Pharmaceuticals, Inc., Abraxis Bioscience, LLC, Abraxis Bioscience, Inc., (collectively, the "APP Defendants"), Hospira Inc., I-Flow Corporation, and Zimmer Holdings, Inc. in which she asserted the following nine causes of action: (1) negligence and negligence per se; (2) strict products liability; (3) breach of express warranty; (4) breach of implied warranty; (5) fraudulent misrepresentation; (6) fraudulent concealment; (7) negligent misrepresentation; (8) fraud and deceit; and (9) violation of Pennsylvania Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"). Overall, the Complaint averred that Plaintiff suffered numerous adverse health conditions following her shoulder surgery in 2007 that resulted from the implantation of an ambulatory pain pump into her shoulder and/or the medication administered through that pump.

All named Defendants[1] responded with Rule 12(b)(6) Motions to Dismiss, which the Court granted in a Memorandum Opinion and Order of Court (Doc. No. 87), dated June 16, 2010. In that Opinion, the Court dismissed the original complaint (Doc. No. 1) in its entirety, and granted Plaintiff leave to amend.

On July 7, 2010, Plaintiff filed an Amended Complaint. The Amended Complaint names Zimmer as the sole defendant and asserts the following three causes of action: (1) Negligence and Negligence Per Se; (2) Breach of Implied Warranty; and (3) Fraudulent Concealment. Thereafter, Zimmer filed the instant partial motion to dismiss and maintains that Count II and Count III of the Amended Complaint fail to state a claim.[2]

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiently of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (207) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a

---

[1] I-Flow did not file a motion to dismiss. *See* Stip. of Dismissal (Doc. No. 40); *see also* Memorandum Opinion and Order of Court (Doc. No. 87 at 3 n. 2).
[2] Zimmer does not seek dismissal of the negligence and negligence per se claims (Count I) in the instant motion.

2

motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id.* Although the Court "must accept all of the complaint's well-pleaded facts as true, [it] may disregard any legal conclusions." *Id.* at 210-211. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Iqbal* 129 S. Ct. at 1949). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 211 (quoting *Iqbal* 129 S. Ct. at 1950).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of

the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231(citing *Twombly*, 550 U.S. at 553).

## LEGAL ANALYSIS

Zimmer contends that Count II and Count III of the Amended Complaint should be dismissed in their entirety. Plaintiff does not oppose dismissal of her breach of implied warranty claim (Count II) and therefore, the Court shall only address her fraudulent concealment claim (Count III).

In the original Memorandum Opinion, the Court held that the Plaintiff's collective and generic references to all named "Defendants" were not sufficient to support her fraud-based claims pursuant to the particularity requirements of Fed. R. Civ. P. 9(b). The Court also noted that Defendants challenged the sufficiency of the fraud-based claims on the basis that Plaintiff was barred from asserting non-negligence causes of action against prescription drug and device manufacturers. However, the Court declined to address the defense at that time, but noted that Defendants raised a seemingly meritorious challenge to such causes of action. *See* Memorandum Opinion and Order of Court (Doc. No. 87 at 21, n. 10).

Zimmer again argues that the fraudulent concealment claim lacks "'the requisite factual information to suggest the plaintiff's claims are facially plausible,'" and that Plaintiff's non-negligence claims "cannot be maintained against a manufacturer of prescription medical devices like Zimmer under Pennsylvania law." (Doc. No. 90 at 2-3 (citing Memorandum Opinion and

4

Order of Court (Doc. No. 87))). The Court shall address the defenses seriatim.

## I. Whether the Amended Complaint Meets the Requirements of Fed. R. Civ. P. 9(b)

Zimmer contends that the fraudulent concealment averment is virtually identical to those in the original complaint except that the Amended Complaint simply replaces the word "defendants" with "Zimmer."[3] Zimmer maintains that the Amended Complaint does not "identify any particular person at Zimmer who allegedly made the misrepresentations or is responsible for the omissions; she does not specify the time or place the misrepresentations or omissions were allegedly made; and she never describes the substance of the misrepresentation or omissions, or the form in which they were allegedly made." (Doc. No. 90 at 4). In sum, Zimmer maintains that the Amended Complaint still fails to "'allege the date time and place of the alleged fraud or otherwise inject precision or some measure of substantiation' into the claim." (Doc. No. 90 at 5 (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).

In her response, Plaintiff contends that the Amended Complaint meets the federal pleading requirements of Rule 9(b) and that she cured the former pleading deficiency by asserting claims only against Zimmer. Plaintiff further argues that Zimmer is "clearly on notice of its alleged misconduct" and that she "has alleged the 'who' 'what' 'when' and 'how' with as much detail as possible at this stage of the proceeding." (Doc. No. 93 at 2). Lastly, Plaintiff notes that "[a]fter discovery has been undertaken, [she] will be in position to better refine her allegations . . . but at this time, she has provided as sufficient detail as possible given Zimmer's alleged concealment of the facts necessary to prove this cause of action." (Doc. No. 93 at 2).

---

[3] As the Court previously noted, Fed. R. Civ. P. 9(b) does not expressly authorize a motion for its enforcement. Motions alleging a lack of particularity can be presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), as it is here, but such motions may also be brought with a motion for a more definite statement, Fed. R. Civ. P. 12(e), or a motion to strike, Fed. R. Civ. P. 12(f).

5

The Court finds that Plaintiff's Amended Complaint does not sufficiently plead a plausible factual basis for this claim and her arguments are unavailing. Under Pennsylvania law, one of the essential elements of a fraud, deceit, or fraudulent concealment claim is a "misrepresentation" to the Plaintiff. *Ross v Foremost Ins. Co.*, 998 A.3d 648, 654 (Pa. Super. 2010). In this case, Plaintiff does not allege a cognizable "misrepresentation" with sufficient particularity. First, the Amended Complaint alleges that "[i]n representations to Plaintiff and/or Plaintiff's healthcare providers, and/or the FDA, Defendant fraudulently concealed and intentionally omitted . . . material information." (Doc. No. 88 at ¶ 50). Plaintiff then proceeds to list eleven paragraphs that include the material information that Zimmer allegedly concealed and intentionally omitted. (Doc. No. 88 at ¶ 50 a-k) However, these averments are deficient of any specific facts and are conclusory in nature. As Zimmer highlights, Plaintiff neither identifies any particular person who made the alleged misrepresentations nor specifies the time or place such misrepresentations or omissions were allegedly made. *See Perry v. Novartis Pharm. Corp.*, 2006 WL 83450, *2 (E.D. Pa. January 12, 2006) (noting that if a plaintiff "really were defrauded, one would expect that [she] would be able to describe when and how, without having to resort to discovery"). Such bare conclusions do not fulfill the standards enunciated in *Twombly, Iqbal*, and *Fowler* as discussed above. Even if the Court assumes that the allegations of fraud are based on information and belief, "supporting facts on which this belief is founded must be set forth in the complaint." *Tredennick v. Bone*, 647 F. Supp. 2d 495, 501 (W.D. Pa. 2007); *see Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (noting that "'[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity,'" though "malice, intent, knowledge and other conditions of the mind may be averred generally") (citing Fed. R. Civ. P. 9(b)). However, Plaintiff has not pled any specific factual circumstances

that constituted the alleged fraud or mistake.

Also, Plaintiff cannot rely upon alleged representations that were made to her **and/or to third parties**. *See e.g.* Doc. No. 88 at ¶ 48 (stating that "[i]n representations to Plaintiff **and/**or Plaintiff's healthcare providers, and/or the FDA, Defendant suppressed and or [sic] misrepresented the safety of the pain pumps when used with Bupivacaine products for their [sic] intended use") (emphasis added). Alleged misrepresentations made to other individuals cannot take the place of allegations in the Amended Complaint that constitute fraud against **Plaintiff**. *Hemispherx Biopharma, Inc. v. Asensio*, 1999 WL 144109, * 10 (E.D. Pa. 1999) (allegations that others acted in reliance on misrepresentations and that Plaintiff suffered loss as a result are not sufficient to state a claim for fraud).

## II.  Whether Plaintiff States an Actionable Claim for Relief Under Pennsylvania Law

Zimmer also argues that Plaintiff's fraudulent concealment claim is not cognizable under Pennsylvania law because plaintiffs are barred from asserting a non-negligence cause of action against the manufacturer of a pharmaceutical device. Plaintiff does not address this argument. In addition to and in the alternative to the foregoing analysis, the Court finds and rules that Count III does not state a cognizable claim.

The Pennsylvania Supreme Court has determined that "negligence is the sole theory upon which a plaintiff may recover against a prescription drug manufacturer in a suit based upon the manufacturer's failure to warn." *Kline v. Pfizer*, 08-3238, 2009 U.S. Dist. LEXIS 623, *3-4 (W.D. Pa. January 6, 2009) (citing *Hahn v. Richter*, 673 A.3d 888, 891 (Pa. 1996)). Additionally, Pennsylvania courts have extended the rationale of the Pennsylvania Supreme Court in *Hahn* to medical devices. *See Parkinson v. Guidant Corp.*, 315 F. Supp. 2d 741, 747-48 (W.D. Pa. 2004) (internal citations omitted)); *Creazzo v. Medtronic Inc.*, 903 A.2d 24, 31 (Pa.

Super. Ct. 2005) (citing *Hahn*, 673 A.2d at 890-91).

A review of the fraud allegations set forth in the Amended Complaint reveals that these claims are rooted in a theory of failure to warn. In particular, Plaintiff alleges that the "Defendants were under a **duty to disclose** to Plaintiff and/or her physicians, hospitals, and/or healthcare providers, and/or the FDA, the defective nature of the pain pumps when used with Bupivacaine products." (Doc. No. 88 at ¶ 51) (emphasis added). The very basis of this averment is that Zimmer knew of the alleged defect, but it fraudulently concealed this knowledge by failing to warn of the associated dangers. Such a claim fails under Pennsylvania law. Therefore, the Court finds and rules that Plaintiff has failed to state a cognizable claim under Pennsylvania law and Defendants' motion to dismiss Count III of Plaintiff's Amended Complaint will be GRANTED.

**Conclusion**

In accordance with the foregoing, the PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. No. 89) filed by Defendant Zimmer Holdings, Inc. will be **GRANTED** in its entirety. The Court acknowledges that Zimmer has filed an answer to Count I of the Amended Complaint.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOLLY KESTER,<br>    Plaintiff, | )<br>)<br>) 2:10-cv-00523 |
| vs. | )<br>) |
| ZIMMER HOLDINGS, INC.,<br>    Defendants. | )<br>)<br>) |

## ORDER OF THE COURT

AND NOW, this 18th day of October, 2010, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. No. 89) filed by Zimmer is GRANTED. It is further **ORDERED** that Count II and Count III of Plaintiff's Amended Complaint are dismissed with prejudice.

BY THE COURT:


/s/ Terrence F. McVerry
United States District Court Judge


Cc:   D. Aaron Rihn, Esq.
      Peter H. Burke, Esq.
      John P. Lavelle, Jr., Esq.
      Rebecca J. Hillyer, Esq.